IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| Kirstin Casteel, | |
| *On behalf of herself and those similarly situated*, | Case No. 1:18-cv-1277 |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| Antonio's Pizza, Inc., LoSchiavo Restaurant Group, LLC, LoSchiavo Restaurant Group Avon, LLC, LoSchiavo Restaurant Group Brunswick, LLC, LoSchiavo Restaurant Group Copley, LLC, LoSchiavo Restaurant Group Green, LLC, LoSchiavo Restaurant Group Macedonia, LLC, LoSchiavo Restaurant Group Medina, LLC, LoSchiavo Restaurant Group North Canton, LLC, LoSchiavo Restaurant Group Royalton, LLC, LoSchiavo Restaurant Group Solon, LLC, LoSchiavo Restaurant Group Strongsville, LLC, LoSchiavo Restaurant Group Wadsworth, LLC, LoSchiavo Restaurant Group Westlake, LLC, LoSchiavo Property Management, LLC, JFT Antonio's Pizza Express, Inc., JFT Antonio's Pizza Express II, Inc., Fred LoSchiavo, Anthony LoSchiavo, and Vincent LoSchiavo, | Jury Demand Endorsed Hereon |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.     Kirstin Casteel, on behalf of herself and all similarly-situated individuals, brings this

action against Defendants Antonio's Pizza, Inc., LoSchiavo Restaurant Group, LLC, LoSchiavo

Restaurant Group Avon, LLC, LoSchiavo Restaurant Group Brunswick, LLC, LoSchiavo Restaurant Group Copley, LLC, LoSchiavo Restaurant Group Green, LLC, LoSchiavo Restaurant Group Macedonia, LLC, LoSchiavo Restaurant Group Medina, LLC, LoSchiavo Restaurant Group North Canton, LLC, LoSchiavo Restaurant Group Royalton, LLC, LoSchiavo Restaurant Group Solon, LLC, LoSchiavo Restaurant Group Strongsville, LLC, LoSchiavo Restaurant Group Wadsworth, LLC, LoSchiavo Restaurant Group Westlake, LLC, LoSchiavo Property Management, LLC, JFT Antonio's Pizza Express, Inc., JFT Antonio's Pizza Express II, Inc., Fred LoSchiavo, Anthony LoSchiavo, and Vincent LoSchiavo. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendant's willful failure to compensate Plaintiff and similarly-situated individuals with minimum wages as required by the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a ("Section 34a"), O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"), and O.R.C. § 2307.60.

2.     Defendants operate approximately at least 14 pizza restaurants in the Cleveland, Ohio area under the name Antonio's Pizza.

3.     Plaintiff works for Defendants as a pizza delivery driver at their Green, Ohio location.

4.     Defendants repeatedly and willfully violated the Fair Labor Standards Act the Ohio Constitution, and the Ohio Minimum Fair Wage Standards Act, by improperly taking a tip credit from delivery drivers' wages, and by failing to adequately reimburse delivery drivers for their delivery-related expenses, thereby failing to pay delivery drivers the legally mandated minimum wage wages for all hours worked.

5.     Defendants maintain a policy and practice of underpaying their delivery drivers in violation of the FLSA and Section 34a.

6.     All delivery drivers at the Antonio's Pizza stores, including Plaintiff, have been subject to the same employment policies and practices, including policies and practices with respect to wages and reimbursement for out-of-pocket expenses.

7.     Plaintiff brings this action on behalf of herself and similarly situated current and former delivery drivers who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants.

8.     Plaintiff also brings this action on behalf of herself and similarly situated current and former delivery drivers in Ohio, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of Section 34a, the Prompt Pay Act, and O.R.C. § 2307.60.

## Jurisdiction and Venue

9.     Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

10.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

11.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## Parties

**Plaintiff**

**Kirstin Casteel**

3

12.     Plaintiff Kirstin Casteel is a resident of Ohio and, at all times material herein, Plaintiff worked within the boundaries of Northern District of Ohio.

13.     Plaintiff was an "employee" of all of the Defendant as defined in the FLSA and Section 34a.

14.     Plaintiff has given written consent to join this action.

**Defendants**

15.     Defendants have jointly employed Plaintiff and similarly situated delivery drivers at all times relevant.

16.     Antonio's Pizza is a family owned and operated business.

17.     Antonio's Pizza is owned and operated by Fred LoSchiavo and his sons, Anthony and Vincent LoSchiavo.

18.     All of the Antonio's Pizza restaurants are operated out of Defendants' corporate headquarters located at 2906 Center Road in Brunswick, Ohio.

19.     Defendants' website, antoniospizza.net, explains that Defendants operate 14 Antonio's Pizza locations.

20.     Based on their own representations to the public, the LoSchiavo family takes an active role in the daily operations of the Antonio's Pizza restaurants.

21.     Each of the Defendants had substantial control over Plaintiff and similarly situated delivery drivers' working conditions, and over the unlawful policies and practices alleged herein.

22.     Defendants are part of a single integrated enterprise.

23.     At all relevant times, the Antonio's Pizza restaurants shared common management and were centrally controlled and/or owned by Defendants.

4

24. At all relevant times, all Defendants maintained control over labor relations at the Antonio's Pizza restaurants.

25. During all relevant times, Defendants permitted employees to transfer or be shared by and between the Antonio's Pizza restaurants without retraining.

26. Defendants share or co-determine those matters governing the essential terms and conditions of employment for Plaintiff and similarly situated delivery drivers at Antonio's Pizza.

27. Defendants suffer or permit Plaintiff and other delivery drivers to work.

28. Defendants have direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated delivery drivers, and also exercise that authority.

29. During all relevant times, Defendants also exercised operational control over the delivery drivers at the Antonio's Pizza restaurants, including, but not limited to, control over recruiting and training of delivery drivers, compensation of delivery drivers, job duties of delivery drivers, reimbursements to delivery drivers, recruiting and training managers, design and layout of the restaurants, sales and marketing programs, public relations programs, promotional services, appearance and conduct standards, inventory, and inventory controls.

30. Together, the Defendant entities have earned more than $500,000 in gross sales throughout the relevant time period as defined by the Fair Labor Standards Act.

**Antonio's Pizza, Inc.**

31. Defendant Antonio's Pizza, Inc. is an Ohio corporation.

32. Antonio's Pizza, Inc. has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

33.     Antonio's Pizza, Inc. has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

34.     At all relevant times, Antonio's Pizza, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

35.     Antonio's Pizza, Inc. is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

36.     At all relevant times, Antonio's Pizza, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

37.     Antonio's Pizza, Inc.'s gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group, LLC**

38.     Defendant LoSchiavo Restaurant Group, LLC is an Ohio limited liability company.

39.     LoSchiavo Restaurant Group, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

40.     LoSchiavo Restaurant Group, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

41.     At all relevant times, LoSchiavo Restaurant Group, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited

to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

42.     LoSchiavo Restaurant Group, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

43.     At all relevant times, LoSchiavo Restaurant Group, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

44.     LoSchiavo Restaurant Group, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Avon, LLC**

45.     Defendant LoSchiavo Restaurant Group Avon, LLC is an Ohio limited liability company.

46.     Upon information and belief, LoSchiavo Restaurant Group Avon, LLC is the entity that directly operates the Antonio's Pizza located in Avon, Ohio.

47.     LoSchiavo Restaurant Group Avon, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

48.     LoSchiavo Restaurant Group Avon, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

49.     At all relevant times, LoSchiavo Restaurant Group Avon, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

7

50.     LoSchiavo Restaurant Group Avon, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

51.     At all relevant times, LoSchiavo Restaurant Group Avon, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

52.     LoSchiavo Restaurant Group Avon, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Brunswick, LLC**

53.     Defendant LoSchiavo Restaurant Group Brunswick, LLC is an Ohio limited liability company.

54.     Upon information and belief, LoSchiavo Restaurant Group Brunswick, LLC is the entity that directly operates the Antonio's Pizza located in Brunswick, Ohio.

55.     LoSchiavo Restaurant Group Brunswick, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

56.     LoSchiavo Restaurant Group Brunswick, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

57.     At all relevant times, LoSchiavo Restaurant Group Brunswick, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

58.     LoSchiavo Restaurant Group Brunswick, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

59.     At all relevant times, LoSchiavo Restaurant Group Brunswick, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

60.     LoSchiavo Restaurant Group Brunswick, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Copley, LLC**

61.     Defendant LoSchiavo Restaurant Group Copley, LLC is an Ohio limited liability company.

62.     Upon information and belief, LoSchiavo Restaurant Group Copley, LLC is the entity that directly operates the Antonio's Pizza located in Copley, Ohio.

63.     LoSchiavo Restaurant Group Copley, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

64.     LoSchiavo Restaurant Group Copley, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

65.     At all relevant times, LoSchiavo Restaurant Group Copley, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

66.     LoSchiavo Restaurant Group Copley, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

67.     At all relevant times, LoSchiavo Restaurant Group Copley, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

68.     LoSchiavo Restaurant Group Copley, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Green, LLC**

69.     Defendant LoSchiavo Restaurant Group Green, LLC is an Ohio limited liability company.

70.     Upon information and belief, LoSchiavo Restaurant Group Green, LLC is the entity that directly operates the Antonio's Pizza located in Green, Ohio.

71.     LoSchiavo Restaurant Group Green, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

72.     LoSchiavo Restaurant Group Green, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

73.     At all relevant times, LoSchiavo Restaurant Group Green, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

74.     LoSchiavo Restaurant Group Green, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

75.     At all relevant times, LoSchiavo Restaurant Group Green, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

76.     LoSchiavo Restaurant Group Green, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Macedonia, LLC**

77.     Defendant LoSchiavo Restaurant Group Macedonia, LLC is an Ohio limited liability company.

78.     Upon information and belief, LoSchiavo Restaurant Group Macedonia, LLC is the entity that directly operates the Antonio's Pizza located in Macedonia, Ohio.

79.     LoSchiavo Restaurant Group Macedonia, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

80.     LoSchiavo Restaurant Group Macedonia, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

81.     At all relevant times, LoSchiavo Restaurant Group Macedonia, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

11

82.     LoSchiavo Restaurant Group Macedonia, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

83.     At all relevant times, LoSchiavo Restaurant Group Macedonia, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

84.     LoSchiavo Restaurant Group Macedonia, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Medina, LLC**

85.     Defendant LoSchiavo Restaurant Group Medina, LLC is an Ohio limited liability company.

86.     Upon information and belief, LoSchiavo Restaurant Group Medina, LLC is the entity that directly operates the Antonio's Pizza located in Medina, Ohio.

87.     LoSchiavo Restaurant Group Medina, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

88.     LoSchiavo Restaurant Group Medina, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

89.     At all relevant times, LoSchiavo Restaurant Group Medina, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

90.    LoSchiavo Restaurant Group Medina, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

91.    At all relevant times, LoSchiavo Restaurant Group Medina, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

92.    LoSchiavo Restaurant Group Medina, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group North Canton, LLC**

93.    Defendant LoSchiavo Restaurant Group North Canton, LLC is an Ohio limited liability company.

94.    Upon information and belief, LoSchiavo Restaurant Group North Canton, LLC is the entity that directly operates the Antonio's Pizza located in North Canton, Ohio.

95.    LoSchiavo Restaurant Group North Canton, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

96.    LoSchiavo Restaurant Group North Canton, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

97.    At all relevant times, LoSchiavo Restaurant Group North Canton, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

98.    LoSchiavo Restaurant Group North Canton, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

99.    At all relevant times, LoSchiavo Restaurant Group North Canton, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

100.    LoSchiavo Restaurant Group North Canton, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Royalton, LLC**

101.    Defendant LoSchiavo Restaurant Group Royalton, LLC is an Ohio limited liability company.

102.    Upon information and belief, LoSchiavo Restaurant Group Royalton, LLC is the entity that directly operates the Antonio's Pizza located in Royalton, Ohio.

103.    LoSchiavo Restaurant Group Royalton, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

104.    LoSchiavo Restaurant Group Royalton, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

105.    At all relevant times, LoSchiavo Restaurant Group Royalton, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

106.    LoSchiavo Restaurant Group Royalton, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

107.    At all relevant times, LoSchiavo Restaurant Group Royalton, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

108.    LoSchiavo Restaurant Group Royalton, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Solon, LLC**

109.    Defendant LoSchiavo Restaurant Group Solon, LLC is an Ohio limited liability company.

110.    Upon information and belief, LoSchiavo Restaurant Group Solon, LLC is the entity that directly operates the Antonio's Pizza located in Solon, Ohio.

111.    LoSchiavo Restaurant Group Solon, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

112.    LoSchiavo Restaurant Group Solon, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

113.    At all relevant times, LoSchiavo Restaurant Group Solon, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

114.    LoSchiavo Restaurant Group Solon, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

115.    At all relevant times, LoSchiavo Restaurant Group Solon, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

116.    LoSchiavo Restaurant Group Solon, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Strongsville, LLC**

117.    Defendant LoSchiavo Restaurant Group Strongsville, LLC is an Ohio limited liability company.

118.    Upon information and belief, LoSchiavo Restaurant Group Strongsville, LLC is the entity that directly operates the Antonio's Pizza located in Strongsville, Ohio.

119.    LoSchiavo Restaurant Group Strongsville, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

120.    LoSchiavo Restaurant Group Strongsville, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

121.    At all relevant times, LoSchiavo Restaurant Group Strongsville, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

122.    LoSchiavo Restaurant Group Strongsville, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

123.    At all relevant times, LoSchiavo Restaurant Group Strongsville, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

124.    LoSchiavo Restaurant Group Strongsville, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Wadsworth, LLC**

125.    Defendant LoSchiavo Restaurant Group Wadsworth, LLC is an Ohio limited liability company.

126.    Upon information and belief, LoSchiavo Restaurant Group Wadsworth, LLC is the entity that directly operates the Antonio's Pizza located in Wadsworth, Ohio.

127.    LoSchiavo Restaurant Group Wadsworth, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

128.    LoSchiavo Restaurant Group Wadsworth, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

129.    At all relevant times, LoSchiavo Restaurant Group Wadsworth, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

17

130.    LoSchiavo Restaurant Group Wadsworth, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

131.    At all relevant times, LoSchiavo Restaurant Group Wadsworth, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

132.    LoSchiavo Restaurant Group Wadsworth, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Restaurant Group Westlake, LLC**

133.    Defendant LoSchiavo Restaurant Group Westlake, LLC is an Ohio limited liability company.

134.    Upon information and belief, LoSchiavo Restaurant Group Westlake, LLC is the entity that directly operates the Antonio's Pizza located in Westlake, Ohio.

135.    LoSchiavo Restaurant Group Westlake, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

136.    LoSchiavo Restaurant Group Westlake, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

137.    At all relevant times, LoSchiavo Restaurant Group Westlake, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

138.    LoSchiavo Restaurant Group Westlake, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

139.    At all relevant times, LoSchiavo Restaurant Group Westlake, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

140.    LoSchiavo Restaurant Group Westlake, LLC's gross revenue exceeds $500,000 per year.

**LoSchiavo Property Management, LLC**

141.    Defendant LoSchiavo Property Management, LLC is an Ohio limited liability company.

142.    LoSchiavo Property Management, LLC has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

143.    LoSchiavo Property Management, LLC has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

144.    At all relevant times, LoSchiavo Property Management, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

145.    LoSchiavo Property Management, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

146.   At all relevant times, LoSchiavo Property Management, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

147.   LoSchiavo Property Management, LLC's gross revenue exceeds $500,000 per year.

**JFT Antonio's Pizza Express, Inc.**

148.   Defendant JFT Antonio's Pizza Express, Inc. is an Ohio corporation.

149.   JFT Antonio's Pizza Express, Inc. has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

150.   JFT Antonio's Pizza Express, Inc. has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

151.   At all relevant times, JFT Antonio's Pizza Express, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

152.   JFT Antonio's Pizza Express, Inc. is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

153.   At all relevant times, JFT Antonio's Pizza Express, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

154.   JFT Antonio's Pizza Express, Inc.'s gross revenue exceeds $500,000 per year.

**JFT Antonio's Pizza Express II, Inc.**

155.    Defendant JFT Antonio's Pizza Express II, Inc. is an Ohio corporation.

156.    JFT Antonio's Pizza Express II, Inc. has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

157.    JFT Antonio's Pizza Express II, Inc. has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

158.    At all relevant times, JFT Antonio's Pizza Express II, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

159.    JFT Antonio's Pizza Express II, Inc. is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

160.    At all relevant times, JFT Antonio's Pizza Express II, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

161.    JFT Antonio's Pizza Express II, Inc.'s gross revenue exceeds $500,000 per year.

**Frank LoSchiavo**

162.    Defendant Frank LoSchiavo is the owner of the Antonio's Pizza restaurants.

163.    Frank LoSchiavo is the CEO of the Antonio's Pizza restaurants.

164.    Frank LoSchiavo is individually liable to Antonio's Pizza's delivery drivers under the definitions of "employer" set forth in the FLSA and Section 34a because he owns and operates

21

the Antonio's Pizza stores, serves as a manager and/or member of the defendant entities, ultimately controls significant aspects of Antonio's Pizza's day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

165. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had financial control over the operations at each of the Antonio's Pizza stores.

166. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has a role in significant aspects of the Antonio's Pizza stores' day to day operations.

167. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had control over the Antonio's Pizza stores' pay policies.

168. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had power over personnel and payroll decisions at the Antonio's Pizza stores, including but not limited to influence of delivery driver pay.

169. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had the power to hire, fire and discipline employees, including delivery drivers at the Antonio's Pizza stores.

170. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had the power to stop any illegal pay practices that harmed delivery drivers at the Antonio's Pizza stores.

171. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had the power to transfer the assets and liabilities of the defendant entities.

172. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had the power to declare bankruptcy on behalf of the defendant entities.

173. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had the power to enter into contracts on behalf of each of the Antonio's Pizza stores.

174. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo has had the power to close, shut down, and/or sell each of the Antonio's Pizza stores.

175. At all relevant times, by virtue of his role as owner of Antonio's Pizza, Frank LoSchiavo had authority over the overall direction of each of Antonio's Pizza stores and was ultimately responsible for their operations.

176. The Antonio's Pizza stores function for Frank LoSchiavo's profit.

177. Frank LoSchiavo has influence over how the Antonio's Pizza stores can run more profitably and efficiently.

**Anthony LoSchiavo**

178. Defendant Anthony LoSchiavo is an owner and operator of the Antonio's Pizza restaurants.

179. Anthony LoSchiavo is individually liable to Antonio's Pizza's delivery drivers under the definitions of "employer" set forth in the FLSA and Section 34a because he owns and operates the Antonio's Pizza stores, serves as a manager and/or member of the defendant entities, ultimately controls significant aspects of Antonio's Pizza's day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

180. At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had financial control over the operations at each of the Antonio's Pizza stores.

181.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has a role in significant aspects of the Antonio's Pizza stores' day to day operations.

182.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had control over the Antonio's Pizza stores' pay policies.

183.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had power over personnel and payroll decisions at the Antonio's Pizza stores, including but not limited to influence of delivery driver pay.

184.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had the power to hire, fire and discipline employees, including delivery drivers at the Antonio's Pizza stores.

185.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had the power to stop any illegal pay practices that harmed delivery drivers at the Antonio's Pizza stores.

186.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had the power to transfer the assets and liabilities of the defendant entities.

187.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had the power to declare bankruptcy on behalf of the defendant entities.

188.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had the power to enter into contracts on behalf of each of the Antonio's Pizza stores.

189. At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo has had the power to close, shut down, and/or sell each of the Antonio's Pizza stores.

190. At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Anthony LoSchiavo had authority over the overall direction of each of Antonio's Pizza stores and was ultimately responsible for their operations.

191. The Antonio's Pizza stores function for Anthony LoSchiavo's profit.

192. Anthony LoSchiavo has influence over how the Antonio's Pizza stores can run more profitably and efficiently.

**Vincent LoSchiavo**

193. Defendant Vincent LoSchiavo is an owner and operator of the Antonio's Pizza restaurants.

194. Vincent LoSchiavo is individually liable to Antonio's Pizza's delivery drivers under the definitions of "employer" set forth in the FLSA and Section 34a because he owns and operates the Antonio's Pizza stores, serves as a manager and/or member of the defendant entities, ultimately controls significant aspects of Antonio's Pizza's day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

195. At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had financial control over the operations at each of the Antonio's Pizza stores.

25

196.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has a role in significant aspects of the Antonio's Pizza stores' day to day operations.

197.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had control over the Antonio's Pizza stores' pay policies.

198.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had power over personnel and payroll decisions at the Antonio's Pizza stores, including but not limited to influence of delivery driver pay.

199.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had the power to hire, fire and discipline employees, including delivery drivers at the Antonio's Pizza stores.

200.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had the power to stop any illegal pay practices that harmed delivery drivers at the Antonio's Pizza stores.

201.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had the power to transfer the assets and liabilities of the defendant entities.

202.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had the power to declare bankruptcy on behalf of the defendant entities.

203.    At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had the power to enter into contracts on behalf of each of the Antonio's Pizza stores.

204.     At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo has had the power to close, shut down, and/or sell each of the Antonio's Pizza stores.

205.     At all relevant times, by virtue of his role as owner and operator of Antonio's Pizza, Vincent LoSchiavo had authority over the overall direction of each of Antonio's Pizza stores and was ultimately responsible for their operations.

206.     The Antonio's Pizza stores function for Vincent LoSchiavo's profit.

207.     Vincent LoSchiavo has influence over how the Antonio's Pizza stores can run more profitably and efficiently.

## FACTS

### Class-wide Factual Allegations

208.     During all relevant times, Defendants have operated the Antonio's Pizza stores.

209.     The primary function of the Antonio's Pizza stores is to sell pizza and other food items to customers, whether they dine in, carry out, or have their food delivered.

210.     Some or all of the Antonio's Pizza stores employs delivery drivers who are primarily responsible for delivering pizzas and other food items to customers' homes and workplaces.

211.     Plaintiff and the similarly situated persons Plaintiff seeks to represent are current and former delivery drivers employed by Defendants at the Antonio's Pizza stores.

212.     All delivery drivers employed at the Antonio's Pizza stores over the last three years have had essentially the same job duties—deliver pizza and other food items to customers.

27

213.     When there are no deliveries to make, Defendants' delivery drivers are required to work inside the Antonio's Pizza stores building pizza boxes, cleaning, preparing pizza and other food items, and completing other duties inside the restaurant as necessary.

214.     Plaintiff and similarly situated delivery drivers have spent a quarter to three-quarters of their time at work completing tasks inside the restaurant.

215.     Plaintiff and similarly situated delivery drivers are required to complete non-tipped tasks such as taking orders, preparing vegetables, grating cheese, sweeping, mopping, and/or doing other tasks necessary for the operation of the restaurant when they were not completing deliveries.

216.     At all relevant times, Plaintiff and similarly situated delivery drivers have been paid minimum wage minus a tip credit for the hours they worked for Defendants.

217.     Defendants require delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

218.     Defendants require delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing charges, cell phone costs, GPS charges, and other equipment necessary for delivery drivers to complete their job duties.

219.     Pursuant to such requirements, Plaintiff and other similarly situated employees purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, financing charges, and incur cell phone and data charges all for the primary benefit of Defendants.

220.     The Antonio's Pizza stores do not track or record their delivery drivers actual expenses.

221.    The Antonio's Pizza stores do not reimburse delivery drivers for their actual expenses.

222.    The Antonio's Pizza stores do not reimburse delivery drivers at the IRS standard business mileage rate.

223.    The Antonio's Pizza stores do not reimburse delivery drivers at a reasonable approximation of the drivers' expenses.

224.    At all relevant times, Plaintiff and other similarly situated delivery drivers at the Antonio's Pizza stores were reimbursed a flat per delivery amount for the expenses they incurred.

225.    Plaintiff and similarly situated delivery drivers typically average 5 to 10 miles per round-trip delivery.

226.    Plaintiff and similarly situated delivery drivers typically make approximately 2-3 deliveries per hour.

227.    According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

          a.    2015: 57.5 cents/mile
          b.    2016: 54 cents/mile
          c.    2017: 53.5 cents/mile
          d.    2018: 54.5 cents/mile

228.    As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, and as a result of Defendants' policy of paying delivery drivers a tipped wage rate for non-tipped duties, they were deprived of minimum wages guaranteed to them by the FLSA and Ohio law.

229.    At all relevant times, Defendants have applied the same pay policies, practices, and procedures to all delivery drivers at the Antonio's Pizza stores.

230.     All of Defendants' delivery drivers had similar experiences to that of Plaintiff. They completed similar job duties, were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage rate or a tipped wage rate before deducting unreimbursed vehicle costs.

231.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

232.     Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

233.     Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of the Antonio's Pizza stores.

234.     Defendants have willfully failed to pay federal and Ohio state minimum wage to Plaintiff and similarly situated delivery drivers at the Antonio's Pizza stores.

**Plaintiff's Individual Factual Allegations**

235.     Plaintiff has worked at Antonio's Pizza from approximately April 2017 until present at their Green, Ohio location.

236.     Plaintiff is paid minimum wage minus a tip credit as an hourly rate for all hours worked.

237.    Specifically, Plaintiff earns $6.50 per hour.

238.    Plaintiff has delivered pizza and other food items to Defendants' customers' homes and businesses.

239.    When she is not making deliveries, Plaintiff works inside the restaurant, completing tasks such as taking orders, preparing vegetables, grating cheese, sweeping, mopping, and/or doing other tasks necessary for the operation of the restaurant.

240.    Plaintiff spends between a quarter and three-quarters of her time at work working inside the restaurant in a non-tipped capacity.

241.    At all relevant times, Plaintiff has received a flat per delivery reimbursement amount intended to cover her expenses.

242.    Plaintiff is reimbursed $1.00 per delivery.

243.    Plaintiff is required to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

244.    Plaintiff is required to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, cell phone service, GPS service, automobile financing, and other equipment necessary for delivery drivers to complete their job duties.

245.    Plaintiff has purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, automobile financing, and incur cell phone and data charges all for the primary benefit of Defendants.

246.    Defendants do not track the actual expenses incurred by Plaintiff.

247.    Defendants do not reimburse Plaintiff based on her actual delivery-related expenses.

248.    Plaintiff is not reimbursed at the IRS standard mileage rate for the miles she drove while completing deliveries.

249.    During Plaintiff's employment with Defendants, Defendants failed to adequately reimburse Plaintiff for automobile and other job-related expenses.

250.    Plaintiff regularly makes approximately two to three deliveries per hour during the hours she works as a delivery driver.

251.    Plaintiff regularly drove between 5-10 miles round trip per delivery.

252.    Thus, Defendants' average effective reimbursement rate for Plaintiff was approximately $.13 per mile ($1.00 per delivery / 7.5 average miles per delivery).

253.    In 2018, for example, the IRS business mileage reimbursement has been $.545 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by approximately $.415 ($.545 - $.13) per mile. Considering Plaintiff's estimate of about 7.5 average miles per delivery, Defendants under-reimbursed her about $3.11 per delivery ($.415 x 7.5 average miles).

254.    Thus, while making deliveries, Plaintiff consistently "kicked back" to Defendants approximately $7.78 per hour ($3.11 per delivery x 2.5 deliveries per hour).

255.    As a result of unreimbursed automobile expenses and other job-related expenses, Defendants have failed to pay Plaintiff minimum wage as required by law.

## Collective Action Allegations

256.    Plaintiff brings the First Count on behalf of herself and all similarly situated current and former delivery drivers employed at the Antonio's Pizza owned, operated, and controlled by Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

257.    At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and failing to reimburse delivery drivers for automobile expenses and other job-related expenses. Plaintiff's claims are essentially the same as those of the FLSA Collective.

258.    Defendants' unlawful conduct is pursuant to a corporate policy or practice.

259.    Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked, to fully reimburse for "tools of the trade," and not to take a tip credit from the wages of employees completing non-tipped work.

260.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

261.    The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

262.    The FLSA Collective members are readily identifiable and ascertainable.

33

263. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## Class Action Allegations

264. Plaintiff brings the Third, Fourth, and Fifth Counts under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former delivery drivers employed by Defendant at Antonio's Pizza stores in the State of Ohio between the date three years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Class").

265. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

266. The number and identity of the Rule 23 Class members are ascertainable from Defendants' records.

267. The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Rule 23 Class Member are determinable from Defendants' records.

268. For the purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendants.

269. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

270.    The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

271.    There are more than 50 Rule 23 Class members.

272.    Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

273.    Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with Section 34a and O.R.C. § 4113.15.

274.    Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

275.    By seeking to represent the interests of the Rule 23 Class members, Plaintiff is exercising and intends to exercise her right to engage in concerted activity for the mutual aid or benefit of herself and her co-workers.

276.    Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

277.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

278.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

279.     Upon information and belief, Defendants and other employers throughout the state violate Section 34a and O.R.C. § 4113.15.  Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

280.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

281.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

    a.  Whether Plaintiff and the Rule 23 Class completed non-tipped job duties for which they were paid a tipped wage rate;

    b.  Whether Plaintiff and the Rule 23 Class members were subject to a common expense reimbursement policy that resulted in wages to drop below legally allowable minimum wage and overtime;

    c.  Whether Plaintiff and the Rule 23 Class were subject to a policy that required them to maintain and pay for safe, operable, and legally compliant automobiles to use in completing deliveries;

    d.  Whether Plaintiff and the Rule 23 Class incurred expenses for the benefit of Defendants in the course of completing deliveries;

e.  Whether Defendants reimbursed Plaintiff and the Rule 23 Class members for their actual expenses;

f.  Whether Defendants reimbursed Plaintiff and the Rule 23 Class members at the IRS standard business mileage rate for the miles they drove in making deliveries;

g.  Whether Defendants reimbursed Plaintiff and the Rule 23 Class members based on a reasonable approximation of the expenses they incurred;

h.  Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15, and, if so, whether the wages owed are "in dispute"; and

i.  The nature and extent of class-wide injury and the measure of damages for those injuries.

282.  In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

CAUSES OF ACTION

**Count 1**
**Failure to Pay Minimum Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

283.  Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

284.  Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

285.  Defendants paid Plaintiff and the FLSA Collective at or close to minimum wage for all hours worked.

286.     Defendants required and continue to require Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, and failed to properly reimburse Plaintiff and the FLSA Collective for said expenses.

287.     Defendants took a tip credit from the wages of Plaintiff and the FLSA Collective for hours they worked in a non-tipped capacity.

288.     By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

289.     Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

290.     As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Failure to Pay Minimum Wages - Ohio Constitution, Article II, § 34a**
**(On Behalf of Plaintiff and the Rule 23 Class)**

291.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

292.     Defendants paid Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses.

293.     Defendants ostensibly paid Plaintiff and the Rule 23 Class at or close to minimum wage for the hours they worked.

294.     Because Defendants required Plaintiff and the Rule 23 Class to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed pay Plaintiff and the Rule 23 Class minimum wage.

295.     Defendants took a tip credit from the wages of Plaintiff and the Rule 23 Class for hours they worked in a non-tipped capacity.

296.     By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants has violated the Ohio Constitution, Article II, § 34a.

297.     As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, an additional two times unpaid wages/unreimbursed expenses in damages under Section 34a, costs, and attorneys' fees.

**Count 3**
**Untimely Payment of Wages – O.R.C. § 4113.15**
**(On Behalf of Plaintiff and the Rule 23 Class)**

298.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

299.     During all relevant times, Defendants were covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

300.     O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

301.    Plaintiff and the Rule 23 Class's unpaid wages and unreimbursed expenses have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

302.    In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

303.    As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**Count 4**
**Damages Pursuant to O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Rule 23 Class)**

304.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

305.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

306.    By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

307.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

308.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff Kirstin Casteel prays for all of the following relief:

A.    Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class,

apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.      Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

E.      A declaratory judgment that the practices complained of herein are unlawful under Section 34a and O.R.C. § 4113.15.

F.      An award of unpaid minimum wages and unreimbursed expenses due under Section 34a.

G.      An award of damages under Section 34a, based on Defendants' failure to pay minimum wages, calculated as an additional two times of back wages.

H.      Liquidated damages under O.R.C. § 4113.15.

I.       Compensatory and punitive damages under O.R.C. § 2307.60.

J.       An award of prejudgment and post-judgment interest.

K.      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

L.      Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Andrew Kimble

41

Andrew Biller (0081452) (Lead Counsel)
Andrew Kimble (0093172)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
513-651-3700 (Phone)
513-665-0219 (Fax)
(*abiller@msdlegal.com*)
(*akimble@msdlegal.com*)
www.msdlegal.com

*Counsel for Plaintiff and the putative class*

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Andrew Kimble
Andrew Kimble