IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

Kirstin Casteel,

On behalf of herself and those similarly situated,

Plaintiff,

v.

Antonio's Pizza, Inc., *et al.*,

Defendants.

Case No. 1:18-cv-1277

Judge Dan A. Polster

Magistrate Judge Jonathan D. Greenberg

FILED
11:45 am May 17 2019
Clerk U.S. District Court
Northern District of Ohio
Cleveland

SETTLEMENT AGREEMENT

This Settlement and Release Agreement (this "Agreement") is entered into by and between Plaintiff Kirstin Casteel, individually and on behalf of all similarly-situated individuals identified in Section 1(B) below ("Plaintiff"), and Defendants LoSchiavo Restaurant Group, LLC, LoSchiavo Restaurant Group Avon, LLC, LoSchiavo Restaurant Group Brunswick, LLC, LoSchiavo Restaurant Group Copley, LLC, LoSchiavo Restaurant Group Green, LLC, LoSchiavo Restaurant Group Macedonia, LLC, LoSchiavo Restaurant Group Medina, LLC, LoSchiavo Restaurant Group North Canton, LLC, LoSchiavo Restaurant Group Royalton, LLC, LoSchiavo Restaurant Group Solon, LLC, LoSchiavo Restaurant Group Strongsville, LLC, LoSchiavo Restaurant Group Wadsworth, LLC, LoSchiavo Restaurant Group Westlake, LLC, JFT Antonio's Pizza Express, Inc., JFT Antonio's Pizza Express II, Inc., Fred LoSchiavo, Anthony LoSchiavo, and Vincent LoSchiavo, (together the "Defendants"). Defendants and Plaintiff are collectively referred to as the "Parties."

The Parties agree as follows:

**1. Purpose and Background**

A. On June 5, 2018, Plaintiff initiated the lawsuit *Kirstin Casteel v. Antonio's Pizza, Inc., et al.* (the "Lawsuit"), currently pending in the United States District Court, Northern District of Ohio (Eastern Division at Cleveland) (the "Court"), Case number 1:18-cv-1277 asserting claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* (the

"FLSA Claims") and Ohio Constitution, Art. II, §34a, O.R.C. 2307.60 and O.R.C. §4111.01 *et. seq.* (together, the "Ohio Wage and Hour Laws").

B. The Parties seek to resolve all claims raised in the Lawsuit (the "Settlement"). For purposes of this Agreement, the Parties have agreed to the following settlement class:

> All current and former delivery drivers employed from June 5, 2015 until October 31, 2018 at the stores owned, operated, and/or controlled by the Defendants. These individuals are collectively referred to as "the Class" and individually as "Class Members."

The "Class Period" is between June 5, 2015 and October 31, 2018.

C. The purpose of this Agreement is to conclusively and finally resolve all of Plaintiff's and Class Members' claims against Defendants that were, or could have been, raised as part of the Lawsuit based upon the facts alleged therein and occurring during the Class Period concerning alleged under-reimbursement of expenses and alleged underpayment of wages, including wages for non-tip-related work performed inside the stores.

D. By entering into this Agreement, Defendants do not admit liability for any of the claims raised in the Lawsuit. Nonetheless, without admitting or conceding liability, wrongdoing or damages, Defendants have agreed to settle the Lawsuit, on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty associated with continuing their defense of the Lawsuit. Defendants expressly deny Plaintiff's allegations of under-reimbursement of expenses and underpayment of wages.

E. The Parties agree and understand this Agreement memorializes a global settlement, and this Agreement is neither valid, nor enforceable, unless the Court enters a written Order approving this Agreement. If the Court does not finally approve this Agreement, this Agreement shall be null and void.

## 2. Opportunity to Negotiate, Consider, and Consult with Counsel

A. The terms of this Agreement are the product of lengthy, arms-length negotiations between the Parties. At a case management conference on October 16, 2018, the Court assisted the Parties with their negotiations; the Parties had additional negotiations following the conference.

B. The Parties agree the consideration given to support their respective obligations under this Agreement is adequate and sufficient in all respects and the Parties have not received, or been made any promise, inducement, or concession, that is not set forth in this Agreement.

C. The Parties acknowledge they have been represented by counsel throughout the negotiation of this Agreement and the Lawsuit.

**3. Settlement and Disbursement**

A. Defendants will pay to Plaintiff and Class Members the gross amount of $750,000.00 (the "Settlement Fund"). The Settlement Fund accounts for all payments and claims raised in the Lawsuit by Plaintiff and Class Members, including claims for attorneys' fees, costs, and expenses, up to, and including, the end of the Class Period, as well as claims and administration costs.

B. Each Class Member who submits a Claim Form (an example of which is attached as the last page of the Notice of Settlement and Claim Form, Exhibit 1) is eligible to receive a portion of the Settlement Fund.

C. Each Class Member's portion of the Settlement Fund will be based on their "Claim Amount." Each Class Member's Claim Amount will be calculated as follows:

(Hours worked × 30% × $4.20)[1] + (Approximate Miles Driven × $0.42)[2]

Each Class Member will then receive a portion of the Settlement (after accounting for any attorney fee award, expenses, and incentive award) based on the Class Member's Claim Amount versus the aggregate of Claim Amounts for all Class Members who submit a Claim Form.

D. The Parties agree, for tax purposes, 50% of the settlement payments will be treated as unpaid wages, which are subject to normal withholdings. A W-2 form will be issued to Class Members by the Defendants for the portion of the settlement payment attributable to settlement of the unpaid wages claim. The other 50% of the settlement payments are for statutory damages and will not be considered wages or subject to withholding. A Form 1099 will issue to Class Members by the Defendants for the statutory damages component of the settlement payment. The Parties are responsible for ensuring their own proper tax treatment of the payments. In addition to the Settlement Fund, Defendants will be responsible for their own portion of employer taxes arising from this Agreement. The Parties also agree and understand any payments under this Agreement are not intended to, and will not form the basis for, nor shall they be considered wages for calculating, or re-calculating, additional contributions to, or benefits under, any benefit or compensation plans maintained by the Defendants for the benefit of their employees and their employees' beneficiaries.

---

[1] Intended to compensate Class Members for their alleged "dual jobs" claim.

[2] Intended to compensate Class Members for their alleged "under-reimbursement"/minimum wage claim by taking the approximate alleged reimbursement of $0.13 and subtracting that from the alleged IRS reimbursement rate of approximately $0.55.

E. From the Settlement Fund, Plaintiff Casteel will receive Ten Thousand and 00/100 Dollars ($10,000.00), as a service and incentive award (the "Service Award"). The Service Award will be payable by separate check and will be considered taxable, non-wage income and a Form 1099 will issue to Plaintiff Casteel regarding the Service Award. The Service Award will be paid first out of the Settlement Fund. The remainder of the Settlement Fund (after fees, costs, and expenses as described below) will then be divided on a pro rata basis described in Sections 3(B) and (C).

F. The Parties have agreed to retain a third-party Claims Administrator to establish a Qualified Settlement Fund and to administer all payments made under this Agreement. The Parties agree that all fees and costs incurred by the Claims Administrator will be paid out of the Settlement Fund.

G. After distribution of any Service Award to Plaintiff, payment of attorney's fees and costs, and fees and costs incurred by the Claims Administrator from the Settlement Fund, the remaining balance of the Settlement Fund will be divided based on hours worked and miles driven among Class Members who sign and submit a Claim Form.

H. This is a claims-made settlement from a common fund for payment to those Class Members who submit a Claim Form in accordance with the provisions of this Agreement. If, for some reason, the entire Settlement Fund is not claimed, unclaimed funds will be reallocated to Class Members. Any amount of attorneys' fees, costs, and administrative fees not authorized by the Court will likewise be reallocated to Class Members.

I. All payments set forth in this Section 3 are subject to Court approval (and dismissal of the lawsuit with prejudice upon submission of an appropriate motion by Plaintiff's Counsel).

J. In the event that Plaintiff, Class Counsel, and/or Class Members believes he/they must petition the Court to enforce this Agreement and/or if the Defendants fail to make one or more payments as outlined herein, Plaintiff and Class Members may notify Defendants of the issue. Defendants will then have 14 days to cure the failure or issue. If Defendants do not cure the failure or issue, Plaintiff, Class Counsel, and/or Class Members can request from the Court an entry of judgment against Defendants jointly and severally for the amount of the Settlement and approved attorneys' fees plus applicable interest. Defendants shall have an opportunity to respond to any such request. If the Court thereafter enters judgment against Defendants, Plaintiff, Class Counsel, and/or Class Members will be entitled to recover their reasonable attorneys' fees and costs associated with obtaining such a judgment and its enforcement from the Defendants.

**4. Attorney's Fees and Expenses**

A. Defendants agree not to object to an award for attorney's fees and costs equal to, or less than, $250,000.00 (the "attorney's fee award"). Any fee award will be paid from the

Settlement Fund. Plaintiff may also ask the Court for a separate award of expenses, which will likewise come from the Settlement Fund.

B. This Agreement is not contingent on the Court approving requested attorneys' fees and expenses. If the Court does not approve the requested attorneys' fees and expenses, or approves a lesser amount than requested, any unrelated section of this Agreement will not, for that reason, be made null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding attorneys' fees and expenses

**5. Release**

A. Upon the Effective Date, all Class Members who do not exclude themselves from this Agreement in accordance with Section 6 are bound to the following release:

Defendants LoSchiavo Restaurant Group, LLC, LoSchiavo Restaurant Group Avon, LLC, LoSchiavo Restaurant Group Brunswick, LLC, LoSchiavo Restaurant Group Copley, LLC, LoSchiavo Restaurant Group Green, LLC, LoSchiavo Restaurant Group Macedonia, LLC, LoSchiavo Restaurant Group Medina, LLC, LoSchiavo Restaurant Group North Canton, LLC, LoSchiavo Restaurant Group Royalton, LLC, LoSchiavo Restaurant Group Solon, LLC, LoSchiavo Restaurant Group Strongsville, LLC, LoSchiavo Restaurant Group Wadsworth, LLC, LoSchiavo Restaurant Group Westlake, LLC, JFT Antonio's Pizza Express, Inc., JFT Antonio's Pizza Express II, Inc., Fred LoSchiavo, Anthony LoSchiavo, and Vincent LoSchiavo, and their insurers, agents, servants, parents, subsidiaries, affiliates, divisions, members, trustees, partners, officers, directors, employees, attorneys, successors, predecessors, administrators, and employee benefit plans, both individually and in their business capacities (collectively, "Released Parties") are released and discharged from any and all claims, demands, rights, liabilities, and causes of action, whether known or unknown, that were asserted in the Lawsuit concerning alleged under-reimbursement of expenses and alleged underpayment of wages for non-tip-related work performed inside the stores, or that could have been asserted in the Lawsuit based upon the same factual allegations concerning under-reimbursement of expenses and hours worked inside the store in a non-tipped capacity during the Class Period under Ohio law, for the period between June 5, 2015 and October 31, 2018.

B. Plaintiff and all Class Members who submit a valid Claim Form will also be subject to the following release (in addition to the one above):

The Released Parties are also released and discharged from any and all claims, demands, rights, liabilities, and causes of action, whether known or unknown, that were asserted in the Lawsuit concerning alleged under-reimbursement of expenses and alleged underpayment of wages for non-tip-related work performed inside the

stores, or that could have been asserted in the Lawsuit based upon the same factual allegations concerning under-reimbursement of expenses and hours worked inside the store in a non-tipped capacity during the Class Period, including all clams under federal law, including the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*., for the period between June 5, 2015 and October 31, 2018.

C. All Class Members who want to receive their portion of the Settlement Fund under this Agreement must sign, and timely submit, the Claim Form attached as Exhibit 1. Also, as part of the Claim Form, each Class Member submits to the jurisdiction of the United States District Court, Northern District of Ohio, for purposes of the Lawsuit and enforcement of this Agreement.

D. Failure of a Class Member to timely submit a signed Claim Form under this Agreement will be deemed a waiver of the Class Member's right to receive any amount from the settlement fund, but the Class Member will have released claims as set forth in this Agreement.

**6. Administration of Settlement**

A. The Settlement will be administered in accordance with the deadlines established in this Agreement, and the following timetable, subject to the Court's approval:

i. By December 11, 2018, Defendants will provide the Class Counsel with a final and consolidated list of all Class Members, their last known addresses, email addresses (if available), and phone numbers (the "Class Data").

ii. Class Counsel shall not use the Class Data for purposes of soliciting Class Members for a period of one year from Final Approval of the Settlement. Class Counsel shall maintain the Class Data in confidence and shall not disclose the Class Data to any third parties other than the Claims Administrator. No part of this provision is intended to or does restrict Class Counsel's ability to practice law or represent clients. To the extent that any part of this provision would so impose a restriction, it is Class Counsel's ability to practice law and represent clients that will control over any contrary provision.

iii. By December 21, 2018, Class Counsel will transmit to each Class Member, by first-class U.S. Mail and email, a Notice of Settlement and Claim Form, in the form attached as Exhibit 1, and a self-addressed stamped envelope.

iv. If any mailing is returned with a forwarding address for any Class Member, or if a Class Member notifies Class Counsel of an alternative address, Class Counsel will transmit, by first-class U.S. Mail, or any other method the Class Member and Class Counsel agree to, a second mailing consisting of a Notice of Settlement and Claim Form.

v. If any mailing is returned as undeliverable, Class Counsel can take reasonable steps to ascertain an updated address for the Class Member. Reasonable steps include running the Class Member's name and address through the National Change of Address Database and, if an up-to-date address cannot be obtained, a telephone call to Class Members by either Class Counsel or the Claims Administrator. If an updated address is obtained, Class Counsel will transmit, by first-class U.S. Mail, a second mailing consisting of a Notice of Settlement and a Claim Form.

vi. February 20, 2019 will be the deadline for postmarking, or otherwise submitting, Claim Forms. Claim Forms must be postmarked, or otherwise delivered to Class Counsel, by February 20, 2019. The deadline for submitting Claim Forms for any Class Member who receives a second mailing is the later of 30 days from the date the second mailing is postmarked/sent or February 20, 2019. The time between the mailing date and the claims deadline is the "Settlement Period." The claim deadline will be strictly construed, provided, however, the Class Members who timely, but imperfectly, respond will be notified by the Claims Administrator or Class Counseland given 14 additional days to correct any deficiencies in the Claims Form they submitted.

vii. Within 20 days of the end of the Settlement Period, the Defendants will transmit to the Claims Administrator and Class Counsel records sufficient to calculate the amount due to each Class Member under this Agreement. Within 20 days thereafter, the Claims Administrator shall provide Class Counsel and Defendants' Counsel with an accounting of the funds to be deposited into the QSF in accordance with this Agreement.

viii. By June 6, 2019, the Defendants will transmit to the Claims Administrator the portion of the Settlement Fund attributable to "wages"; *i.e.*, 50% of the Settlement Fund. The Claims Administrator will distribute the payments for the "wages" upon receipt of the funds from Defendants.

ix. By June 6, 2019, Defendants will transmit by check to Class Counsel 50% of the award for fees and expenses.

x. By June 6, 2019, Defendants will transmit by check to Plaintiff Casteel 50% of any incentive award.

xi. By October 6, 2019, Defendants will transmit to the Claims Administrator the portion of the Settlement Fund attributable to "under-reimbursed expenses"; *i.e.*, 50% of the Settlement Fund. The Claims Administrator will distribute the payments for "under-reimbursed expenses" upon receipt of the funds from Defendants.

xii. By October 6, 2019, Defendants will transmit by check to Class Counsel 50% of the award for fees and expenses.

xiii. By October 6, 2019, Defendants will transmit by check to Plaintiff Casteel 50% of any incentive award.

B. Class Members who want to opt out from this Agreement and Settlement must submit a timely written notification of their intent to opt out of the settlement ("Opt-out Notice") no later than February 20, 2019. To be valid, the Opt-out Notice, the notice must contain words to the following effect:

> I want to opt out of the Settlement of the Lawsuit, Kirstin Casteel v. Antonio's Pizza, Inc., et al. I understand, by asking to opt out of the Settlement, I will receive no money from the Settlement. I understand, if I opt out of the Settlement and file a separate lawsuit, I may receive nothing, or less than I would have received if I had submitted a Claim Form under the Settlement.

C. A Class Member who submits an Opt-out Notice is not eligible to recover a share of the Settlement. If a Class Member submits both a Claim Form and an Opt-Out Notice, the Claims Administrator or Class Counsel will contact the Class Member to determine his/her true intention. If the Class Member cannot be reached, the Claim Form shall govern, and a check will be sent from the Settlement Fund.

D. Class Members who do not opt out of the Settlement may, in whole, or in part, also object to the Settlement. Objections must be made in writing and filed, together with copies of all papers and briefs supporting the objection, with the Clerk of Court on or before February 20, 2019. An Objecting Class Member must also serve the anything he or she files on Class Counsel and Defendants' Counsel so that the filings are received by February 20, 2019. The time to submit an objection will not be extended for returned mailings. The objection must include the objecting party's full name, address, telephone number, and email address. The objection must state the objection to the settlement, the basis for the objection, and all documents supporting the objection. Class Members who fail to make objections in the manner specified above will be deemed to have waived their ability to object to the Agreement and, therefore, will be foreclosed from making any objection (whether by subsequent objection, intervention, appeal, or otherwise) to the Agreement. Class Members who have not filed and served timely written objections may not speak at the Final Approval Hearing. If Class Counsel receives objections, Class Counsel will provide Defendants' counsel with notice of any such objections received.

**7. Dismissal of Lawsuit with Prejudice**

A. Upon conclusion of the Court's final approval of the Settlement and the settlement procedure outlined in this Agreement, the Parties stipulate the Lawsuit will be dismissed with prejudice.

**8. No Admission of Liability**

A. By entering into this Agreement, Defendants in no way admit to any violation of law or any liability whatsoever to Plaintiff or to the Class, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action treatment, other than for purposes of settlement.

**9. Other Terms**

A. No modifications or amendments to any of this Agreement's terms, conditions, or provisions may be made, except by written agreement executed by all Parties. Any material changes will be subject to approval by the Court.

B. If the Court fails to enter an order approving the Settlement in accordance with this Agreement (except for a modification of the attorneys' fees or Service Award), the Parties shall proceed as follows:

i. The Lawsuit will resume unless the Parties jointly agree to: (a) seek reconsideration or appellate review of the decision denying approval of the Settlement, or (b) attempt to renegotiate the Settlement and seek Court approval of the re-negotiated settlement.

ii. If reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

C. This Agreement, including any exhibits, constitutes the entire agreement between the Parties about the subject matters addressed in this Agreement, and all prior negotiations and understandings between the Parties shall be deemed merged into this Agreement.

D. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied on by the Parties when entering into this Agreement. The Parties have been represented and assisted by counsel through the negotiation and drafting of this Agreement.

E. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only, and shall have no effect on the construction or interpretation of any part of this Agreement.

F. This Agreement is written jointly by the Parties, and may not be construed against any one party as the drafter. If any provisions of this Agreement are found to be illegal, invalid, or unenforceable under present or future laws, any such provision(s) will be interpreted and revised only to the extent necessary to bring it within the requirements of the law and enforceable. In that event, the remainder of this Agreement will thereafter be construed and enforced as if the illegal, invalid, or unenforceable provision(s) had never comprised a part of this Agreement. The remaining provisions of the Agreement will continue in full force and effect and will not be affected by any illegal, invalid, or unenforceable provisions, or by their severance.

G. The waiver by any party to this Agreement of a breach of any provision of this Agreement will not operate, nor be construed, as a waiver of any subsequent breach by any party, nor will any waiver operate, or be construed, as a rescission of this Agreement. No breach of this Agreement will permit the non-breaching party to repudiate this Agreement, or refuse, or fail, to perform any obligations required under this Agreement.

H. Ohio law governs this Agreement's validity, construction, and enforceability, without regard to choice of law principles. This Court shall retain jurisdiction to enforce the terms of this Agreement.

I. The Parties agree to promptly take all actions reasonably necessary to effectuate this Agreement, including, but not limited to, motions to the Court for approval of this Agreement, and continuance of any intervening deadlines contrary to those contemplated by this Agreement.

J. Once a party has executed this Agreement, that signature page may be transmitted by email or facsimile to counsel for the other party. Any signature made and transmitted by email or facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement, and shall be binding on the party whose counsel transmits the signature page by email or facsimile.

K. Except as otherwise provided in this Agreement, all Parties shall bear their own costs, expenses, and attorneys' fees relating to this Agreement and the Lawsuit.

L. If any deadline under this Agreement falls on a Saturday, Sunday, or legal holiday, the Parties agree the deadline will be deemed to be the next business day.

The undersigned acknowledge and agree to all of the terms, conditions, and provisions of this Agreement.

| | |
|---|---|
| [signature] | 5/17/19 |
| Kirstin Casteel, Individually and as Class Representative for Plaintiffs | Date |
| [signature] | 5/17/19 |

______________________________ 5/17/19
_______________, on behalf: Date
Defendants LoSchiavo Restaurant Group, LLC, LoSchiavo Restaurant Group Avon, LLC, LoSchiavo Restaurant Group Brunswick, LLC, LoSchiavo Restaurant Group Copley, LLC, LoSchiavo Restaurant Group Green, LLC, LoSchiavo Restaurant Group Macedonia, LLC, LoSchiavo Restaurant Group Medina, LLC, LoSchiavo Restaurant Group North Canton, LLC, LoSchiavo Restaurant Group Royalton, LLC, LoSchiavo Restaurant Group Solon, LLC, LoSchiavo Restaurant Group Strongsville, LLC, LoSchiavo Restaurant Group Wadsworth, LLC, LoSchiavo Restaurant Group Westlake, LLC, JFT Antonio's Pizza Express, Inc., JFT Antonio's Pizza Express II, Inc.

______________________________ 5-17-2019
Fred LoSchiavo, on behalf of himself Date

______________________________ 5-17-19
Name, Date
Anthony LoSchiavo, on behalf of himself

______________________________ 5-17-19
Name, Date
Vincent LoSchiavo, on behalf of himself

IT IS SO ORDERED.

______________________________ 5/17/2019
Dan Aaron Polster
United States District Judge